1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN K. RIEDESEL,

                                  Plaintiff,

     v.

THURSTON COUNTY JAIL,

                        Defendant.

No. C14-5947 BHS-KLS

ORDER DIRECTING PLAINTIFF TO
FILE AN AMENDED COMPLAINT

Before the Court for review is Plaintiff's proposed civil rights complaint.  Dkt No. 6.

Plaintiff has been granted leave to proceed in forma pauperis.  Dkt. 5.  The Court will not direct

service of Plaintiff's complaint at this time because it is deficient.  However, Plaintiff will be

given an opportunity to file an amended complaint.

DISCUSSION

Under the Prison Litigation Reform Act of 1995, the court is required to screen

complaints brought by prisoners seeking relief against a governmental entity or officer or

employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint

or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

fail to state a claim upon which relief may be granted, or that seek monetary relief from a

defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2);

*Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

ORDER - 1

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *Bell Atlantic, Corp. v. Twombly*, 220 U.S. 544, 555 (2007) (citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 570.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).   Neither can the court supply essential facts that an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  *Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted).   In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a

ORDER - 2

1    particular protected constitutional right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

2    To be liable for "causing" the deprivation of a constitutional right, the particular defendant must

3    commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and

4    which causes the plaintiff's deprivation.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

5           Plaintiff purports to sue the Thurston County Jail.  He alleges that on September 29,

6    2012, he was sexually assaulted by another inmate after he has asked officer Aspirin to place him

7    in protective custody and his request had been denied.  Dkt. 5.  He alleges that later he told

8    officers Hovda, Covais, and Jacobson that he had been raped but the officers did not get him

9    medical attention or DNA testing.  Mr. Riedesel states the officers tried to cover up the incident

10   rather than investigate the claims.  Dkt. 6.

11          Based on the foregoing allegations, Plaintiff has failed to state a viable claim against a

12   county jail pursuant to 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a complaint

13   must allege: (i) the conduct complained of was committed by a person acting under color of state

14   law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the

15   Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled*

16   *on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate

17   avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v.*

18   *Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

19          Plaintiff has named only the Thurston County Jail as a defendant. 42 U.S.C. § 1983

20   applies to the actions of "persons" acting under color of state law.  Municipalities are subject to

21   suit under § 1983.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978).

22   However, "[i]n order to bring an appropriate action challenging the actions, policies or customs

23   of a local governmental unit, a plaintiff must name the county or city itself as a party to the

ORDER - 3

action, and not the particular municipal department or facility where the alleged violation occurred. *See Nolan v. Snohomish County*, 59 Wash.App. 876, 883, 802 P.2d 792, 796 (1990)." *Bradford v. City of Seattle*, 557 F.Supp.2d 1189, 1207 (W.D.Wash.2008) (holding that the Seattle Police Department is not a legal entity capable of being sued under § 1983).

To hold a municipality such as Thurston County liable, Mr. Riedesel must show the municipality itself violated his rights or that it directed its employee to do so. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994). Under this theory of liability, the focus is on the municipality's "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's Officers." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690). A local governmental unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). In order to sue a local governmental entity, a plaintiff must allege facts showing that any constitutional deprivation he suffered was the result of a custom or policy of the local governmental unit. *Id.*

Assuming that Plaintiff amends his complaint to name a particular person or persons, he must also allege facts sufficient to show that the particular person or persons caused or personally participated in causing the deprivation of a particular protected constitutional right.

Accordingly, Plaintiff is ordered to file an Amended Complaint in order to cure the defects that were in his original complaint. Plaintiff is advised that the First Amended Complaint will operate as a complete substitute for (rather than a mere supplement to) the Amended Complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will

ORDER - 4

no longer serve any function in this case. Plaintiff must file a new and complete complaint – which he should title "Amended Complaint."  All claims and the involvement of every defendant should be included in the Amended Complaint; otherwise, the claims will no longer exist.

Accordingly, it is ORDERED:

(1)     Plaintiff may file an Amended Complaint on or before February 13, 2015.  If Plaintiff fails to submit a complete Amended Complaint by that date, the undersigned will recommend dismissal of the action.

(2)     The Clerk shall send a copy of this Order to Plaintiff.

**DATED** this 5th day of January, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 5