UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN K. RIEDESEL, <br><br>                             Plaintiff, <br><br>     v. <br><br> THURSTON COUNTY JAIL, <br><br>                             Defendant. | No. C14-5947 BHS-KLS <br><br> ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |

Before the Court is Plaintiff's motion for the appointment of counsel. Dkt. 7. Having carefully reviewed the motion and balance of the record, the undersigned finds that the motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may

ORDER DENYING MOTION FOR COUNSEL- 1

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Plaintiff submitted a form motion that is designed for use in an employment action and not designed for a civil rights action brought under 42 U.S.C. § 1983.  Dkt. 7.  Plaintiff states he tried to contact attorneys.  Dkt. 7.  Plaintiff does not address the merits of his action or his ability to articulate his claim.  The Court has ordered plaintiff to file an amended complaint naming proper defendants.  Dkt. 8.

In the original complaint, Mr. Reidesel alleged that he requested protective custody and his request was denied by officer Asprin.  Dkt. 6.  Plaintiff states that after his request had been denied he was raped by another inmate at the Thurston County Jail.  *Id*.  Mr. Riedesel also alleged that when he informed other officers of his rape they failed to collect evidence and tried to cover up the incident.  *Id*.  Plaintiff has shown an ability to articulate his failure to protect and deliberate indifference claims in a clear fashion understandable to the Court.  Dkt. 6.  At this time, Plaintiff has made no showing that he is likely to succeed on the merits of his case.

Accordingly, it is **ORDERED:**

ORDER DENYING MOTION FOR COUNSEL- 2

(1) Plaintiff's motion for counsel (Dkt. 7) is **DENIED.**

(2) The Clerk shall send a copy of this Order to Plaintiff.

**DATED** this 12th day of January, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL- 3