UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RYAN K. RIEDESEL,

          Plaintiff,

   v.

THURSTON COUNTY JAIL, ASPIRIN, HOVDA, COVAIS, JACOBSON,

          Defendants.

CASE NO. 3:14-CV-05947-BHS-DWC

ORDER

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this civil rights Complaint pursuant to 42 U.S.C. § 1983. Presently before the Court is Plaintiff's Motion for Leave to Amend. Dkt. 20, 21[1]. The Court concludes allowing Plaintiff to file an amended complaint will cause undue delay and prejudice, and therefore the Motion for Leave to Amend is denied.

**BACKGROUND**

In his first Amended Complaint ("FAC"), Plaintiff alleges he was sexually assaulted on September 29, 2012 while housed in the Thurston County Jail. Dkt. 10, p. 3. Plaintiff maintains

---

[1] The Clerk of Court docketed a letter from Plaintiff as a Motion for Continuance. Dkt. 20. Upon review of the letter, Plaintiff is moving to amend his complaint and his proposed amended complaint has been docketed as a separate motion to amend. As both documents pertain to Plaintiff's request to amend his Amended Complaint, the Court will treat Docket Entries 20 and 21 as Plaintiff's Motion for Leave to Amend.

ORDER - 1

he requested protective custody from Defendant Aspirin prior to the assault; however, Defendant Aspirin placed Plaintiff in the same unit from which Plaintiff wished to be removed. *Id.* Plaintiff states he informed Defendants Hovda, Covais, and Jacobson he had been raped and these three Defendants failed to provide Plaintiff with medical care. *Id.*

In his Motion to Amend ("Motion"), Plaintiff seeks to add three new defendants, Judge Dixson and Correctional Officers Graham and Philchuck. Dkt. 21. Plaintiff alleges Correctional Officers Graham and Philchuck were present during a video court hearing held on October 3, 2012, wherein Plaintiff told Judge Dixson he was raped. *Id.* Plaintiff maintains the two officers wrote statements for the record, but failed to report the incident to supervisors or act on Plaintiff's report. *Id.* Plaintiff also seeks to sue Judge Dixson because he was aware of the alleged rape.[2]

Plaintiff signed – effectively filing – this Motion on June 9, 2015. Dkt. 20, 21. Defendants filed their Response to the Motion on June 24, 2015. Dkt. 22.

## DISCUSSION

Rule 15(a) of the Federal Rules of Civil Procedure states

> (1) ***Amending as a Matter of Course***
> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

---

[2] As a judicial officer, Judge Dixson is immune from suit, and therefore any claim against him is not cognizable under § 1983. *See Sellars v. Procunier*, 641 F.2d 1295, 1299 n. 7 (9th Cir. 1981) (stating absolute immunity for § 1983 actions has been accorded to judges (*citing Pierson v. Ray*, 386 U.S. 547 (1967)).

        (2) *Other Amendments*

> In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires

After completing the initial screening of Plaintiff's Complaint, the Court ordered Plaintiff to file an amended complaint. Dkt. 8. Plaintiff filed his FAC on February 3, 2015. Dkt. 10. Defendants filed an Answer -- a responsive pleading -- on February 23, 2015. Dkt. 13. Pursuant to Rule 15(a)(1), Plaintiff may amend his original Complaint only once as a matter of course. Further, Plaintiff filed his Motion on June 9, 2015, which was more than 21 days after the Answer was filed. *See* Dkt. 20, 21. Thus, Plaintiff is unable to amend his Complaint as a matter of course. As Plaintiff is unable to amend his FAC as a matter of course under Rule 15(a)(1) and does not have Defendants' consent to amend, he must have leave of the court to amend his FAC. *See* Fed. R. Civ. P. 15(a); Dkt. 22.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 445 F.3d 1132, 1136 (9th Cir. 2006) (*quoting* Fed.R.Civ.P. 15(a)). In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (*quoting Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). Plaintiff's Motion causes both undue delay and prejudice.

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). The Ninth Circuit has noted "late amendments to assert new theories are not reviewed favorably when the facts and theory have been known to

the party seeking amendment since the inception of the cause of action." *Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986). "Courts have [also] found undue delay weighing against granting leave to amend where a motion for leave to amend is filed near or after the close of discovery." *Ewing v. Megrdle*, 2015 WL 1519088, *4 (C.D. Cal. March 26, 2015) (summarizing Ninth Circuit cases affirming denials of motions to amend due to undue delay when the motions were filed near or after the close of discovery).

At the time of filing his Complaint and FAC, Plaintiff was or should have been aware of the facts surrounding the allegations contained in his Motion. In fact, the allegations occurred only four days after the alleged assault giving rise to this case. Plaintiff provides no explanation as to why he waited over four months after filing his FAC to move to add three additional defendants. Additionally, Plaintiff's Motion was not ready for review by the Court until two weeks before the close of discovery. *See* Dkt. 14. Allowing Plaintiff to amend his FAC at this date would cause undue delay.

Granting Plaintiff's Motion will also prejudice the current and proposed opposing parties. Plaintiff is attempting to add three new defendants and a new set of factual events to this case. *See* Dkt. 21, p. 3. Plaintiff's original Complaint and FAC failed to identify the three proposed defendants or state facts regarding the court proceeding giving rise to the factual assertions in this Motion. *See* Dkt. 6, 10. The proposed claims would require proof of different facts than the existing Eighth Amendment claim. Additional discovery would be required and discovery is set to expire on July 17, 2015, which is fourteen days after Plaintiff's Motion became ready for consideration. *See* Dkt. 14. The proposed defendants will be joining the litigation after the discovery period expires, and the proposed amended complaint will cause added time and expenses for current Defendants. Therefore, allowing Plaintiff to amend his FAC will cause

1  prejudice to the current and proposed opposing parties. *See Jackson*, 902 F.2d at 1387; *Acri*, 781
2  F.2d at 1398-99 (affirming denial of leave to amend and holding the district court did not abuse
3  its discretion in concluding that allowing an amendment would prejudice the defendant because
4  of the necessity for further discovery); *Priddy v. Edelman*, 883 F.2d 438, 447 (6th Cir. 1989)
5  ("Putting the defendants through the time and expense of continued litigation on a new theory,
6  with the possibility of additional discovery, would be manifestly unfair and unduly prejudicial.")
7  (*cited by Jackson*, 902 F.2d at 1387).
8      Allowing Plaintiff to file the proposed second amended complaint will cause undue delay
9  and prejudice to current Defendants and the three proposed defendants; therefore, Plaintiff's
10 Motion for Leave to Amend (Dkt. 20, 21) is denied. As Plaintiff's proposed amended complaint
11 alleges a different set of facts against three defendants who were not alleged to be involved in the
12 incident giving rise to the FAC, Plaintiff may file a separate lawsuit raising the claims alleged in
13 this Motion.
14     Dated this 10th day of July, 2015.

David W. Christel
United States Magistrate Judge