UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RYAN K RIEDESEL,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>THURSTON COUNTY JAIL, ASPIRIN, HOVDA, COVAIS, JACOBSON,<br><br>　　　　　　　Defendants. | CASE NO. 3:14-CV-05947-BHS-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: December 25, 2015 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court is Defendants' Motion for Summary Judgment ("Motion"). Dkt. 31.

The Court concludes Plaintiff failed to sufficiently rebut Defendants' summary judgment showing regarding his Fourteenth Amendment claims that (1) Defendant Asperin failed to protect Plaintiff; and (2) Defendants Hovda, Covais, and Jacobsen acted with deliberate indifference to Plaintiff's serious medical need. Further, Plaintiff has failed to state a claim upon which relief can be granted as to Defendant Thurston County Jail. Accordingly, the Court recommends the Motion be granted and this action be dismissed.

## BACKGROUND

Plaintiff, a pre-trial detainee confined at Thurston County Jail ("the Jail") during all relevant times, alleges he was sexually assaulted on September 29, 2012. Dkt. 10, p. 3.[1] Plaintiff contends (1) Defendant Officer Asperin failed to protect him from the sexual assault; and (2) Defendants Officer Hovda, Officer Covais, and Officer Jacobsen neglected to provide Plaintiff with medical care after he told them he was assaulted. *Id.* Plaintiff also alleges the Jail is liable because its staff failed to follow proper procedures in an attempt to "cover up" the sexual assault. *Id.*

Defendants filed the pending Motion on October 28, 2015. Dkt. 31. In support of their Motion, Defendants submitted portions of Plaintiff's prison records and the declarations of Defendant Ricardo Asperin, Defendant John Covais, Defendant Jenny Hovda, Defendant Barry Jacobsen, Lt. Claude Belcher, Corrections Officer Chris Dhuyvetter, Corrections Deputy Tamara Duncan, Correctional Deputy Tyler Graham, Correctional Deputy Don Pidduck, Corrections Officer Heather Shields, and Lt. Deborah Thompson. Dkt. 33-43.

Defendants served Plaintiff with *Rand* notice and copies of the Motion and supporting documentation on October 28, 2015, and Plaintiff had until November 16, 2015 to respond. *See* Dkt. 31-43; Local Civil Rule 7(d). Plaintiff did not respond to the Motion, but his Amended Complaint was signed under penalty of perjury and is being considered as evidence. Dkt. 8.[2]

---

[1] Plaintiff was ordered to file an Amended Complaint as his original Complaint failed to state a claim. Dkt. 8. The Amended Complaint acts as a complete substitute for the original and not as a supplement. *Id.* at pp. 4-5.

[2] Because Plaintiff is *pro se*, the Court "must consider as evidence in his opposition to summary judgment all of [Plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [Plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

REPORT AND RECOMMENDATION- 2

## STANDARD OF REVIEW

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (*citing Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011); *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir.1997).

As the party moving for summary judgment, Defendants have the initial burden to demonstrate no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Mere disagreement or the bald assertion stating a genuine issue of material fact exists does not preclude summary judgment. *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). A "material" fact is one which is "relevant to an element of a claim or defense and

whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Mere "[d]isputes over irrelevant or unnecessary facts," therefore, "will not preclude a grant of summary judgment." *Id.* Rather, the nonmoving party "must produce at least some 'significant probative evidence tending to support the complaint.'" *Id.* (*quoting Anderson*, 477 U.S. at 290); *see also California Architectural Building Products, Inc.*, 818 F.2d at 1468 ("No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."). In other words, the purpose of summary judgment "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it[.]" Fed R. Civ. P. 56(e)(3).

## DISCUSSION

Plaintiff alleges the following claims in his Amended Complaint: (I) Plaintiff's Fourteenth Amendment rights were violated when (A) Defendant Asperin failed to protect Plaintiff from a sexual assault, and (B) Defendants Hovda, Covais, and Jacobsen acted with deliberate indifference to Plaintiff's serious medical needs after reporting the sexual assault; and (II) Defendant Thurston County Jail is liable under §1983 because the Jail staff attempted to "cover up" the sexual assault by failing to follow proper procedures. Dkt. 10.

## I.   Fourteenth Amendment Claims

Plaintiff was a pretrial detainee at all times relevant to this case. *See* Dkt. 43, Thompson Declaration, ¶ 5. As such, conditions of confinement imposed on him are governed by the Fourteenth Amendment Due Process Clause. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). "Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, we apply the same standards." *Frost*, 152 F.3d at 1128; *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010).

### A.   *Failure to Protect*

Plaintiff alleges Defendant Asperin failed to protect Plaintiff from a sexual assault after he requested protective custody. Dkt. 10, p. 3. The Eighth Amendment requires prison officials to take reasonable measures to guarantee the safety of prisoners. *Farmer*, 511 U.S. at 834. Prison officials have a duty to protect prisoners from violence suffered at the hands of other prisoners. *Id.* at 833. However, not every injury suffered by a prisoner at the hands of another is a violation of a prisoner's constitutional rights. *Id.* at 834.

In cases alleging a constitutional violation based on a failure to prevent harm, the plaintiff must first meet an objective component by showing "he is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010). The plaintiff must also meet a subjective component by showing the prison official acted with deliberate indifference to inmate health or safety. *Farmer*, 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("[A] claim that a prisoner's confinement violate[s] the Eighth Amendment requires an inquiry into the prison officials' state of mind."). "[A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and

1  disregards an excessive risk to inmate health or safety; the official must both be aware of facts
2  from which the inference could be drawn that a substantial risk of serious harm exists, and he
3  must also draw the inference." *Farmer*, 511 U.S. at 832; *see Wallis v. Baldwin*, 70 F.3d 1074,
4  1077 (9th Cir. 1995). A prison "official's failure to alleviate a significant risk he should have
5  perceived but did not," therefore, cannot "be condemned as the infliction of punishment."
6  *Farmer*, 511 U.S. at 838.

7      1.   Evidence of Actions Taken Prior to the Sexual Assault

8      The evidence establishes Plaintiff entered the Jail on September 28, 2012. Dkt. 43,
9  Thompson Declaration, ¶ 5. Plaintiff states he was sexually assaulted the next day, September
10 29, 2012. Dkt. 10, p. 3. Plaintiff contends he asked Defendant Asperin for protective custody
11 prior to the assault. *Id*. However, Plaintiff submitted a statement to non-party Corrections Deputy
12 Tamara Duncan stating he did not know if he asked for protective custody from Defendant
13 Asperin or non-party Officer Li. Dkt. 37, Duncan Declaration, ¶ 2; 37-1, pp. 3, 7.

14     Defendant Asperin does not have any memory of Plaintiff asking to be placed in
15 protective custody. Dkt. 33, Asperin Declaration, ¶ 3. When an inmate requests protective
16 custody from Defendant Asperin, he writes a report and moves the inmate to protective custody,
17 if appropriate. *Id.* at ¶ 2. Defendant Asperin searched the Jail database and found "no record of
18 any report of [Plaintiff] asking [him] to be placed in protective custody." *Id.* at ¶ 4.

19     2.   Defendant Asperin's Alleged Failure to Protect

20     While Plaintiff may have raised some factual disputes as to the objective component of
21 his Fourteenth Amendment claim, he has not presented any evidence to satisfy the subjective
22 component. The evidence fails to show Defendant Asperin had knowledge of an excessive risk to
23 Plaintiff's safety and disregarded the risk.

24

REPORT AND RECOMMENDATION- 6

1     Plaintiff alleges he asked Defendant Asperin for protective custody; however, the
2 evidence shows Plaintiff does not know to whom he requested protective custody. Defendant
3 Asperin has no recollection of Plaintiff asking for protective custody and there is no report
4 indicating Plaintiff requested protective custody from Defendant Asperin. Further, there is no
5 evidence regarding the content of any alleged conversation between Plaintiff and Defendant
6 Asperin which would show Defendant Asperin was on notice of a serious risk of harm to
7 Plaintiff. Plaintiff's single allegation that he asked Defendant Asperin for protective custody fails
8 to overcome Defendants' evidence. *See Celotex*, 477 U.S. at 324 (the nonmoving party must go
9 beyond his or her own pleadings and designate "specific facts showing that there is a genuine
10 issue for trial").

11     As Plaintiff failed to provide sufficient evidence to refute Defendants' showing that
12 Defendant Asperin did not have knowledge of and disregard an excessive risk of harm to
13 Plaintiff, no genuine issue of fact remains regarding Plaintiff's failure to protect claim. *See*
14 *Farmer*, 511 U.S. at 834, 844; *Jones v. Santos*, 2008 WL 4738097, *8 (D. Oregon, Oct. 24,
15 2008) (finding no genuine issue of fact when the defendants disputed they received "kytes"
16 putting them on notice of a sexual assault). Thus, Plaintiff's failure to protect claim--a claim of
17 deliberate indifference to an excessive risk of harm--cannot survive Defendants' Motion for
18 Summary Judgment.

19     B.  *Deliberate Indifference to Serious Medical Need*

20     Plaintiff alleges Defendants Hovda, Covais, and Jacobsen failed to provide Plaintiff with
21 medical care or take DNA evidence after he told them he was sexually assaulted. Dkt. 10, p. 3.
22 "Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and
23 wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted);
24

*see Hudson v. McMillan*, 503 U.S. 1, 6 (1992). An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059-1060.

If a plaintiff shows he suffered from a serious medical need, he must then show the prison officials responded to the serious medical need with deliberate indifference. *See Farmer*, 511 U.S. at 834. Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or [ ] may be shown by the way in which prison physicians provide medical care." *Hutchinson v. U.S.*, 838 F.2d 390, 394 (9th Cir. 1988). However, "[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Id*. Deliberate indifference to a prisoner's serious medical need requires "a purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In other words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need." *Id.*

1. <u>Evidence of the Actions Taken After the Sexual Assault</u>

On the night of September 29, 2012, the same date Plaintiff alleges to have been sexually assaulted, Defendants Hovda, Covais, and Jacobsen restrained and subdued Plaintiff after he reported he was having thoughts of hurting himself. Dkt. 39-1; 40, Jacobsen Declaration, ¶ 2. Plaintiff states he told Defendants Hovda, Covais, and Jacobsen he was raped while the three officers took him to observation. Dkt. 10, p. 3. In his October 25, 2012 statement, Plaintiff stated he told the officers who transported him to holding he was raped, but they did not believe Plaintiff because he was alone "on PC[.]"[3] Dkt. 37-1, p. 6.

Defendants Hovda, Covais, and Jacobsen each submitted a declaration stating they do not recall Plaintiff disclosing he had been a victim of sexual assault. Dkt. 35, Covais Declaration, ¶ 4; 39, Hovda Declaration, ¶ 6; 40, Jacobsen Declaration, ¶ 6. These three Defendants each declared they would have written a report and notified their commanding officer if Plaintiff made a report of sexual assault. Dkt. 35, Covais Declaration, ¶ 4; 39, Hovda Declaration, ¶ 6; 40, Jacobsen Declaration, ¶ 6. They each searched the Jail database and found no report documenting the alleged sexual assault, which is consistent with their memories of Plaintiff not reporting a sexual assault. Dkt. 35, Covais Declaration, ¶ 4; 39, Hovda Declaration, ¶ 6; 40, Jacobsen Declaration, ¶ 6.

On October 3, 2012, during a video court appearance, Plaintiff told his attorney and Thurston County Superior Court Judge James Dixon he had been raped. Dkt. 41, Pidduck Declaration, ¶ 3; 41-1; 43-3, p. 11. It was unclear to the non-party Jail officers present when or where the rape occurred. Dkt. 41, Pidduck Declaration, ¶ 3; 41-1. On that same day, Plaintiff was seen by a mental health professional. Dkt. 43, Thompson Declaration, ¶ 11. He reported

---

[3] The Court interprets "PC" to mean "protective custody," but recognizes the pleadings do not define this abbreviation.

1  "auditory and visual hallucinations, delusional, persecutory and religious content" and was
2  diagnosed with Schizoaffective Disorder. *Id*. Plaintiff told the mental health professional he felt
3  like people were raping him. *Id*. He made no other comments about being sexually assaulted
4  until October 25, 2012, when he filed a Prison Rape Elimination Act ("PREA") complaint. *Id.* at
5  ¶ 19.

6  In response to Plaintiff's PREA complaint, non-party Corrections Deputy Heather
7  Shields completed a PREA investigation and report. Dkt. 42, Shields Declaration, ¶ 2. During the
8  investigation, Corrections Deputy Shields questioned several inmates regarding the alleged rape,
9  and the inmates were not aware of any sexual assault against Plaintiff. Dkt. 42-1. Non-party Lt.
10 Thompson reviewed the PREA report and determined there was not enough evidence or
11 information to support Plaintiff's allegation of rape. Dkt. 43, Thompson Declaration, ¶ 25, 43-2.

12  2. <u>Defendants' Alleged Deliberate Indifference</u>

13  Plaintiff may have raised some factual disputes as to the objective component of this
14 Fourteenth Amendment claim; however, he has not presented any evidence to satisfy the
15 subjective component of his claim of deliberate indifference to a serious medical need. The
16 evidence fails to show Defendants Hovda, Covais, and Jacobsen had knowledge of Plaintiff's
17 serious medical need and disregarded the need.

18  While Plaintiff provides one vague allegation stating he told Defendants Hovda, Covais,
19 and Jacobsen he had been raped, the evidence shows the officers to whom Plaintiff told he was
20 raped did not believe him because he had been alone "on P.C." Defendants Hovda, Covais, and
21 Jacobsen submitted declarations stating they had no recollection of Plaintiff informing them of a
22 sexual assault and there were no reports indicating Plaintiff reported a sexual assault to these
23 three Defendants. Further, there is no evidence, such as Plaintiff appearing to have been
24

1 | assaulted, complaining of pain or illness as a result of the assault, or requesting medical
2 | treatment, which would have put these Defendants on notice that Plaintiff was suffering from a
3 | serious medical need. Plaintiff's single allegation fails to overcome Defendants' showing that
4 | Defendants Hovda, Covais, and Jacobsen did not have knowledge of and purposefully fail to
5 | respond to Plaintiff's serious medical need. *See Farmer*, 511 U.S. at 838 (a prison "official's
6 | failure to alleviate a significant risk he should have perceived but did not" cannot "be
7 | condemned as the infliction of punishment"); *Clinton v. California Dept. of Corrections*, 2013
8 | WL 5718739 (E.D. Cal. Oct. 18, 2013) (finding a correctional officer was entitled to summary
9 | judgment when there was no evidence the officer interfered with the plaintiff's ability to receive
10 | treatment after a sexual assault, the plaintiff did not request medical treatment from the officer,
11 | and the officer submitted a declaration stating he had no knowledge the plaintiff needed medical
12 | treatment); *Wereb v. Maui County*, 727 F.Supp.2d 898, 914-16 (D. Hawai'i 2010) (finding no
13 | evidence to show the defendants were subjectively aware of a serious medical need when the
14 | defendants stated they did not believe the plaintiff needed medical attention).

15 |     As Plaintiff has not submitted evidence refuting Defendants' showing that they were not
16 | deliberately indifferent to a serious medical need, no genuine issue of fact remains. Accordingly,
17 | Plaintiff's claim of deliberate indifference against Defendants Hovda, Covais, and Jacobsen
18 | cannot survive Defendants' summary judgment showing.

19 |     To the extent Plaintiff alleges Defendants Hovda, Covais, and Jacobsen are liable under §
20 | 1983 for failing to collect DNA evidence, this claim must fail. *See* Dkt. 10, p. 3. "[I]nmates do
21 | not have a liberty interest in having investigations conducted to their satisfaction." *Campbell v.*
22 | *Thaler*, 2012 WL 32959, at *4 (E.D. Tex. Jan. 6, 2012); *Anthony v. County of Multnomah*, 2006
23 | WL 278193, *3 (D. Or. Feb, 3, 2006) (an inmate is not entitled to an investigation conducted in a
24 |

certain manner). As Plaintiff is merely challenging the lack of investigative actions taken by Defendants Hovda, Covais, and Jacobsen, the Court recommends any claim against these three Defendants for failing to obtain DNA evidence be dismissed.

## II. Defendant Thurston County Jail

Plaintiff names Thurston County Jail as a Defendant in this action, and appears to allege the Jail is liable because the staff tried to "cover up" the sexual assault by failing to follow proper procedures and give Plaintiff the necessary medical treatment. *See* Dkt. 10, pp. 1, 3. First, the Jail is not a legal entity capable of being sued under § 1983. Rather, Thurston County would be the proper party. *See Nolan v. Snohomish County*, 59 Wash.App. 876, 882 (1990); *Patu v. Pierce County Jail*, 2015 WL 3949355, *3 (W.D. Wash. June 29, 2015).

Second, while a municipality and other local governmental bodies are "persons" within the meaning of §1983, a "municipality may not be held liable under §1983 solely because it employs a tortfeasor." *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S 397, 403 (1997). Here, Plaintiff alleges the Jail employees failed to follow the proper procedures after he was sexually assaulted. Dkt. 10, p. 3. The claims allege a single occurrence of unnamed employees negligently failing to follow proper procedures. Therefore, even if the Jail could be liable under §1983, Plaintiff has not alleged facts sufficient to state a claim against Thurston County Jail.

For the above stated reasons, the Court concludes Defendant Thurston County Jail should be dismissed.

## CONCLUSION

Based on the foregoing, the undersigned recommends Defendants' Motion for Summary Judgment be granted and this action be dismissed. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written

REPORT AND RECOMMENDATION- 12

1 | objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those
2 | objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C).
3 | Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the
4 | matter for consideration on December 25, 2015, as noted in the caption.

5   Dated this 9th day of December, 2015.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge